UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**Surgret Urania Doss**
Plaintiff, *Pro Se*

CASE NO: 8:22-cv-129 CEH-AAS

vs.

**GREGORY P. HOLDER**, et al.
    Defendants.

### PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT SHERIFF CHAD CHRONISTER'S MOTION TO DISMISS WITH MEMORANDUM OF LAW

**COMES NOW**, Surgret Urania Doss ("Plaintiff") and files this Motion in Opposition to the Motion to Dismiss filed by Defendant SHERIFF CHAD CHRONISTER ("Chronister") in response to Plaintiff's November 30, 2022, Amended Complaint **(Dkt. 72, 72.1).**

Plaintiff's search for professional Counsel has been unsuccessful thus far, and he will continue looking for adequate representation. Accordingly, Plaintiff is a *Pro Se* Litigant and prays this Court applies liberal construing of his Motion in Opposition *Fitzpatrick v. Bank of N.Y. Mellon*, 580 F. App'x 690, 4 (11th Cir. 2014). Plaintiff states the following in support thereof:

### INTRODUCTION

On December 27, 2022, Defendant Chronister submitted his Incorporated Motion to Dismiss and Memorandum of Law ("MTD"), seeking to dismiss the

1

Plaintiff's Amended Complaint. Defendant Chronister's MTD asserts, among other things, that Plaintiff's allegations failed to state a cause of action, never showed a violation of a legal duty, that some claims are time-barred, and that Plaintiff's Amended Complaint is a shot-gun pleading. Plaintiff disagrees with Defendant Chronister's posture and, instead, will rely on this Court's analysis and pray this Court allows him to correct any deficiencies.

## PROCEDURAL STATUS

Plaintiff's Amended Complaint asserts various causes of action against multiple Defendants, including Defendant Chronister. Plaintiff named Defendant Chronister because he is the supervising authority in Hillsborough County and is responsible for training all county law enforcement officers, particularly with perjury investigations. Defendant Chronister's failure to train Defendant McDarby contributed to an unfounded perjury charge against Plaintiff. The Honorable Thomas McGrady later dismissed the false accusation. Therefore, Chronister and the others had a duty not to violate Plaintiff's fundamental rights.

## MEMORANDUM OF LAW

### Plaintiff's Amended Complaint Establishes Several Causes of Action

In a Rule 12(b)(6) motion to dismiss, the Court accepts all a plaintiff's allegations as true and construes them in the most favorable light. *Holder v. Gualtieri*, 2015 WL 4079844 (M.D. Fla. July 6, 2015). Additionally, the Court

must allow all reasonable inferences from the allegations in the complaint, and Plaintiff prays for the same consideration for his Amended Complaint. For a complaint to survive a motion to dismiss, a plaintiff is required to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although once examined under a heightened pleading standard, claims brought under 42 U.S.C. § 1983 are now analyzed no differently than other claims.

## Plaintiff's Amended Complaint and Attached Exhibits
## Shows a Plausible Entitlement to Relief

Defendant Chronister's MTD recited information that was never proven true during the state court proceedings. Furthermore, suppose this Court allows this action to proceed. In that case, Plaintiff will provide more evidence of the underlying conspiracy and how Defendant Chronister's negligence in training is attributable to an agency policy, custom, and practice. Additionally, Plaintiff's Amended Complaint provided several accountings of incidents involving improper

conduct from officers and employees under his charge, including Plaintiff's prior experiences with the County.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court deny Defendant Chronister's Motion to Dismiss. And provide Plaintiff an opportunity to correct any deficiencies necessary to allow his pursuit of justice.

## Local Rule 3.01(g) Certification

Plaintiff certifies that he conferred with Defendants' counsels regarding the filing of this motion, and none of the Counsel opposed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 25, 2023, the foregoing motion was electronically filed with the Clerk of the Court using the CM/ECF system. Accordingly, a copy of this filing will be sent to the following Attorney:

Christopher E. Brown at: chrisbro@teamhcso.com for Chad Chronister

Respectfully Submitted,

s/Surgret Urania Doss
Surgret Urania Doss
3612 North 55th Street
Tampa, Florida 33619
surgretdoss@gmail.com
813-570-9617