UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SURGRET URANIA DOSS,

    Plaintiff,

v.                                                    Case No. 8:22-cv-00129-CEH-AAS

GREGORY P. HOLDER, et al.,

    Defendants.
_____/

## DEFENDANT GREGORY P. HOLDER'S MOTION TO STAY DISCOVERY REQUIREMENTS AND INCORPORATED MEMORANDUM OF LAW

Defendant Gregory P. Holder, hereinafter "Defendant" or "Judge Holder," pursuant to Local Rule 3.01 and Fed. R. Civ. P. 26(c), moves this Honorable Court for an Order Protecting Judge Holder from all discovery obligations until Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 83) has been resolved by the Court. In support hereof, Defendant states as follows:

1. Plaintiff Surgret Urania Doss, *pro se*, filed an Amended Complaint with Corrected Scrivener's Errors and Clarified Counts (ECF No. 72) on November 30, 2022. The Amended Complaint alleges numerous federal and state law claims including conspiracy to commit false arrest, false arrest, malicious prosecution, conspiracy and intentional infliction of emotional distress. ECF No. 72. These stem from a mortgage foreclosure case related to property in which Plaintiff claims to have an interest and his subsequent perjury

1

prosecution. The allegations against Judge Holder are from actions that occurred while he was a sitting circuit judge. *Id*.

2. On January 3, 2023, Judge Holder filed a Motion to Dismiss Plaintiff's Amended Complaint. ECF No. 83.

3. As grounds for dismissal, Judge Holder asserted the following:

   a. Absolute judicial immunity bars Plaintiff's claims against Judge Holder;

   b. Plaintiff's action for false arrest is barred by the statute of limitations; and

   c. Plaintiff fails to state a cause of action.

4. On May 27, 2023, Plaintiff served the following discovery requests on Judge Holder: Plaintiff's Request for Production totaling fifty-six (56) items; Plaintiff's Request for Admissions totaling one hundred and thirty-two (132) items; and Plaintiff's Interrogatories totaling twenty-five (25) items.

5. In light of the jurisdictional nature of the Defendant's position as set out in the Motion to Dismiss, and the absolute nature of the protection from suit, and liability from suit, afforded by the entitlement to immunities, all discovery requests concerning Defendant Holder, should be stayed, pending final resolution of Defendant's immunities and arguments contained in the Motion to Dismiss.

**MEMORANDUM OF LAW.**

Rule 26(c) of the Federal Rules of Civil Procedure authorizes this Court, for good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "Rule 26(c) confers broad

discretion on the trial court to decide when a protective order is appropriate….” *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Good cause "signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F. e2 352, 356 (11th Cir. 1987). A district court is entitled to broad discretion in managing pretrial discovery matters. *Klay v. All Defendants*, 425 F. 3d 977, 981 (11th Cir. 2005). Discovery should be delayed "if possible" while dispositive motions are resolved to decrease costs to litigants and save judicial resources. *Chudasama v. Mazda Motor Corp.*, 123 F. 3d 1353, 1368 (11th Cir. 1997).

In *Redford v. Gwinnett Cty. Judicial Circuit*, 350 F. App'x 341 (11th Cir. 2009), the Eleventh Circuit addressed a very similar factual scenario to the case at bar and confirmed that a discovery stay is appropriate while judicial defendants' motions to dismiss raising immunities were pending. *Redford* was a 42 U.S.C. § 1983 action brought against a Georgia county judicial circuit and several judges. *See generally, id.* The Eleventh Circuit found that the magistrate judge acted within his discretion by staying discovery pending decision on defendants' motion to dismiss where immunity arguments raised serious questions about complaint's viability, noting that "subjecting officials to traditional discovery concerning acts for which they are likely immune would undercut the protection immunity was meant to afford." *Id.* at 346.

Also, the Eleventh Circuit ruled that "the very purpose of the immunity defenses raised by the judicial and officer defendants is to protect them 'from having to bear the burdens attendant to litigation, including pretrial discovery' *Blinco v Green Tree*

3

*Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004). Given the district court's (proper) conclusion that these defendants were entitled to judicial immunity, the district court did not abuse its discretion in staying discovery." *Overcash v Shelnutt*, 753 Fed.Appx. 741 (2018).

In the instant case, the Motion to Dismiss filed by Judge Holder asserts entitlement to absolute judicial immunity and asserts that claims related to false arrest are barred by the statute of limitations. These arguments have not yet been resolved and Judge Holder should not be subject to pretrial discovery until the Court's rules on the arguments in the Motion to Dismiss.

Judicial immunity is absolute "immunity from suit, not just from an assessment of damages." *Kalmanson v. Lockett,* 848 So. 2d 374, 378 (Fla. 5th DCA 2003), citing *Mireles v. Waco,* 502 U.S. 9, 11 (1991). The rationale for judicial immunity includes protecting the finality of judgments, discouraging inappropriate collateral attacks, and preserving judicial independence by insulating judges from lawsuits by unsatisfied litigants. *Forrester v. White,* 484 U.S. 219, 225 (1988); see also *Kalmanson* at 378; *Berry v. State,* 400 So.2d 80, 83 (Fla. 4th DCA 1981). Judicial immunity applies even in cases involving allegations of conspiracy, corruption, bad faith or malice. See *Mireles* at 11; *Harlow v. Fitzgerald,* 457 U.S. 800, 815-819 (1982) (allegations of malice are insufficient to overcome immunity); *Pondella Hall for Hire, Inc. v. Lamar,* 860 So. 2d 719 (Fla. 5th DCA 2004). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman,* 435 U.S. 349, 359 (1978).

4

Each claim raised by the Plaintiff regarding what Judge Holder did describes an act normally performed by judges in court or at court proceedings. Plaintiff takes issue with Judge Holder's investigative referral to law enforcement for possible perjury. This information was obtained from his review of case number 15-CA-71 in which he was the sitting judge. ECF No. 72 at 17. Plaintiff further objects to Judge Holder's questioning of him at the Case Management Conference on February 27, 2017, which is fundamentally a judicial act. ECF No. 72 at 19. All of Plaintiff's grievances lodged against Judge Holder stem from judicial acts performed in his official judicial capacity.

In order to preserve Judge Holder's "entitlement not to stand trial or face the other burdens of litigation," *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985), while his claim of absolute judicial immunity remains pending, Judge Holder respectfully requests that this Honorable Court grant the instant motion.

WHEREFORE, Defendant Gregory P. Holder respectfully moves this Honorable Court for an order staying all discovery obligations and for protection from having to participate in any discovery until the resolution of the pending Motion to Dismiss (ECF No. 83) and until after such time he is ordered by this Court to file and Answer in response to Plaintiffs' Amended Complaint, and for any other relief this Court deems appropriate.

### Local Rule 3.01(g) Certification.

The undersigned certifies that conferred with Plaintiff regarding this motion and Plaintiff indicated his opposition to the relief sought herein.

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

/s/Ivy Pereira Rollins
Ivy Pereira Rollins
Senior Assistant Attorney General
Florida Bar No. 144770
Office of the Attorney General
Concourse Center IV
3507 E. Frontage Road, Suite 150
Tampa, Florida 33607
T- (813) 233-2880; F – (813) 281-1859
Ivy.Rollins@myfloridalegal.com
*Counsel for Defendant Holder*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 2, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to those persons capable of receiving such notice of electronic filing. I further certify that a true and correct copy of the foregoing document was sent by First-Class U.S. Mail to Plaintiff, *pro se*, Surgret Doss, 3612 North 55th Street, Tampa, Florida 33619.

/s/Ivy Pereira Rollins
Ivy Pereira Rollins
Senior Assistant Attorney General