# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SURGRET URANIA DOSS,

    Plaintiff,

v.                                                               Case No: 8:22-cv-129-CEH-AAS

GREGORY P. HOLDER, MICHAEL R. VICTOR, PAT KENNEDY, JOHN WALTER MCDARBY, CITY OF TAMPA, CHAD CHRONISTER, JOHN DOES I-X, MICHAEL R. VICTOR, PAT KENNEDY and JOHN WALTER MCDARBY,

    Defendants.

## ORDER

This cause comes before the Court upon the Motion to Stay Discovery filed by Defendant Gregory P. Holder (Doc. 92). Upon careful consideration, the Court will grant the motion.

## DISCUSSION

Plaintiff Surgret U. Doss brings numerous federal and state law claims stemming from a case which involved the foreclosure of a property in which he claims to have an interest and his subsequent perjury prosecution. Doc. 72. A number of Defendants are current or former government officials, including Gregory P. Holder, who was a sitting circuit judge during the period relevant to Plaintiff's claims. *Id.*

Holder has filed a Motion to Dismiss in this matter (Doc. 83), as have several other Defendants. Docs. 79–82. Holder argues that Plaintiff's claims against him are barred by judicial immunity, that his claim for false arrest is barred by the statute of limitations, and that Plaintiff's Complaint fails to state a cause of action. Doc. 83 at 2. In his motion to stay discovery, Holder argues that each of Plaintiff's claims are based on acts normally performed by judges and are covered by judicial immunity. Doc. 93 at 4–5. Thus, Holder asks that the Court stay all discovery obligations with respect to him until his Motion to Dismiss (Doc. 83) has been resolved. *Id.* at 5. Plaintiff responds that Holder is not entitled to judicial immunity and asks the Court to deny his request for a stay of discovery. Doc. 93 at 3–8.

Courts have broad discretion in managing their own dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This discretion includes the ability to stay discovery if a movant demonstrates good cause and reasonableness. *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-CV-2424-SDM-JSS, 2016 WL 520031, at *1 (M.D. Fla. Feb. 9, 2016) (citing Fed. R. Civ. P 26(c)(1)). The pendency of a motion to dismiss normally will not justify a unilateral motion to stay discovery pending the Court's resolution of the motion to dismiss. And Eleventh Circuit case law, including the Eleventh Circuit's holding in *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353 (11th Cir. 1997), does not support "the implicit contention that discovery should be stayed whenever a defendant files a motion to dismiss." *In re Winn Dixie Stores, Inc. Erisa Litig.*, No. 3:04-

CV-194-VMC-MCR, 2007 WL 1877887, at *2 (M.D. Fla. June 28, 2007).[1] However, "unusual circumstances may justify a stay of discovery in a particular case upon a showing of prejudice or undue burden." Middle District Discovery (2021) at Section I.E.4. Thus, "a stay of discovery pending the resolution of a motion to dismiss is the exception, rather than the rule." *Jolly v. Hoegh Autoliners Shipping AS*, No. 3:20-cv-1150-MMH-PDB, 2021 WL 1822758, at *1 (M.D. Fla. Apr. 5, 2021).

In determining whether to stay discovery pending the resolution of a motion, the Court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). In balancing these considerations, the Court may take a "preliminary peek" at the merits of the purportedly dispositive motion to determine if, on the motion's face, "there appears to be an immediate and clear possibility" that the Court will grant the motion, which supports entering a stay. *Id.*

Here, the requested stay is warranted. A preliminary peek at the merits of the Motion to Dismiss demonstrates that there is "an immediate and clear possibility" that

---

[1] Although the Eleventh Circuit in *Chudasama* held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins," the cause of action subject to dismissal in that case significantly enlarged the scope of discovery and was "especially dubious." *Id*. at 1367–68. *Chudasama* and its progeny actually "stand for the [narrow] proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-CV-609-EAK-EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) (quoting *In re Winn Dixie Stores*, 2007 WL 1877887, at *1).

the Court will dismiss some or all of Plaintiff's claims against Holder. *Id.* As such, ruling on the Motion to Dismiss may eliminate the need for discovery, or, at a minimum, streamline the discovery process. The Court will thus stay all discovery pending a ruling on the various Motions to Dismiss. *See* Docs. 79, 80, 81, 82, 83.

Accordingly, it is **ORDERED** that Defendant Holder's Motion to Stay Discovery (Doc. 92) is **GRANTED**.

**DONE** and **ORDERED** in Tampa, Florida on July 6, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

4