UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**Surgret Urania Doss**
Plaintiff, *Pro Se*

CASE NO: 8:22-cv-129 CEH-AAS

vs.

**GREGORY P. HOLDER**, et al.
    Defendants.

## PLAINTIFF'S OPPOSED MOTION FOR RECONSIDERATION WITH INCORPORATED MEMORANDUM OF LAW

Plaintiff, Surgret Urania Doss ("Plaintiff" or "Doss") moves for reconsideration of your Honor's July 6, 2023, Order "Granting" Defendant Holder's Motion to Stay Discovery (Doc. 94)**.** Your Honor's Order also stayed discovery for the other named and unnamed Defendants. Plaintiff recently acquired information from the City of Tampa Police Department ("TPD") relating to the agency possessed over 7,000 e-mails related to Plaintiff. Plaintiff believes acquisition of those e-mails would aid in determining who the currently unknown John (or Jane) Does might be and clarify what roles they played in the criminal action against Doss in 2017, *State of Florida v. Surgret Doss, 2019-CF-9089.*

Defendant Michael Victor ("Victor"), The TPD, the Hillsborough County State Attorney's Office ("HCSAO"), the Hillsborough County Sheriff's Office ("HCSO"), and potentially other had this information and withheld it from a criminal defendant, an overt Brady violation, this entire case is one of great public

1

concern. Moreover, because Plaintiff made claims involving violations of federal law protections based on his race, the unprovided e-mails and text messages might reveal nefarious motives for the bringing the unfounded perjury allegations.

On June 2, 2023, Counsel for Defendant Holder filed a Motion to Stay Discovery Requirements and Incorporated Memorandum of Law ("Motion to Stay") and cited Fed. R. Civ. P. 26(c). As articulated in Plaintiff's June 13, 2023, Motion in Opposition (Doc. 93), Defendant Holder's Motion to Stay fails to provide an avenue for judicial immunity. Plaintiff reiterates the Eleventh Circuit instructions a court [should] consider when determining if a judge acted in judicial capacity, such as "(1) the precise act complained of . . . is a normal judicial function; (2) the events involved occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the confrontation arose directly and immediately out of a visit to the judge in his official capacity." *Harper v. Merckle*, 638 F.2d 848, 858 (5th Cir. Unit B Mar. 1981) (quoting *McAlester v. Brown*, 469 F.2d 1280, 1282 (5th Cir. 1972)); see also *William B. Cashion Nevada Spendthrift Trust*, 552 F. App'x at 886. Notably, "[a] judge is entitled to immunity 'even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *William B. Cashion Nevada Spendthrift Trust*, 552 F'Appx at 886 (quoting Bolin, 225 F.3d at 1239). *Williamson v. Boyer*, (M.D. Fla. July 20, 2018).

Plaintiff's Motion in Opposition covered several reasons Defendant Holder is not entitled to judicial immunity and why this Court should view the Motion for Stay as a ploy to keep this Court, Doss, and the public from getting to the root of *why* so many custodians of the public trust turned a blind eye to what Doss experienced. Also, Plaintiff is unaware if Your Honor's Order granted a stay of proceedings to the other Defendants, they nonetheless stayed discovery as well.

Plaintiff is *Pro Se* and prays Your Honor reconsiders the July 6, 2023, Order and requires all parties restart Discovery. Plaintiff requests this Court liberally construe this Motion for justice's sake. *Fitzpatrick v. Bank of N.Y. Mellon*, 580 F. App'x 690, 4 (11th Cir. 2014).

In support of this Motion for Reconsideration, Plaintiff shows:

1. Counsel asserted that this action stemmed from a foreclosure case related to property and mischaracterizes the underlying legal basis for Plaintiff's Amended Complaint (ECF No. 72) ("Complaint").
2. Plaintiff acknowledges Defendant Holder was a Judge in 13th Judicial Circuit in and for Hillsborough County, Florida ("13th") during the events leading to Plaintiff filing the current action in this Court.
3. The case before Defendant Holder as a 13th Judge was Case 2015-CA-0071, which related to 4336 Spinnaker Cove Lane in Tampa, Florida. The Plaintiff filed several motions in that foreclosure case, and the court denied each.

4. Plaintiff never claimed Defendant Holder was without authority to rule against his pleadings and is aware a judge is absolutely immune from acts committed in his judicial capacity.

5. The Complaint arises from Defendant Holder, for unknown reasons, activated his network of accomplices while operating totally outside his capacity as a judge, conspiring with the named and currently unnamed Defendants to have Plaintiff accused of perjury, arrested, convicted, and ultimately thrown into a Florida prison falsely.

6. The scheme failed because Judge Thomas McGrady rightfully dismissed the Perjury Charge filed in 2018, opening the door for Plaintiff's Complaint for Malicious Prosecution and other claims in this Court.

7. On February 3, 2017, The Second District Court of Appeals ("2nd DCA") issued a Stay Order, effectively divesting Defendant Holder of jurisdiction while it reviewed Plaintiff's Writ of Certiorari. **(See Exhibit A)**

8. Accepting Victor's General Offense Report ("GOR") as true, on February 9, 2017, Defendant Holder called him alleging Plaintiff potentially engaged in fraudulent activity related to a "bankruptcy" proceeding. **(See Exhibit B)**

9. The Application for Determination of Civil Indigent Status filed by Plaintiff related to the Writ of Certiorari Plaintiff filed with the 2nd DCA, not an

action in the 13th. Furthermore, the Clerk of Courts determined that Plaintiff was indigent.

10. In the Case Management Conference ("CMC") on February 27, 2017, Holder admitted witnessing Plaintiff before Judge Rex Barbas (on February 14, 2017).

11. Defendant Holder admitted he knew the 2nd DCA Stay Order was in effect when he scheduled and conducted an investigatory CMC. **(See Exhibit C)**

12. The lower court case Defendant Holder involved himself in, investigated, and called Victor to falsely accuse Doss of a crime was case number 2015-CA-8473 ("Case 8473") which Judge Rex Barbas presided. **(See Exhibit D)**

13. Recently Plaintiff received an unredacted copy of the Criminal Report Affidavit ("CRA") Victor gave the HCSAO showing Defendant Holder as the lead witness in Case 2017-CF-9089 ("Case 9089"). **(See Exhibit D)**

14. During Case 9089, Doss filed several discovery motions, however the HCSAO never filled them completely.

15. The unfulfilled discovery hindered Doss throughout, however he successfully defended against the unfounded perjury allegation.

16. Neither Defendant Holder, His Counsel, nor any other Defendants claimed the allegations in Plaintiff's Amended Complaint (Doc. 72) were meritless, false, or "perjured."

17. Additionally, Defendant Holder never claims he did not do what Doss alleged as related to the CMC or attending a hearing in another judge's chambers.

18. Defendant's Counsel and Defendant Holder came into this Court requesting it honor his dishonorable conduct, regardless of the consequences Plaintiff faced and overcame because of a false narrative.

19. The Florida Supreme Court reprimanded Defendant Holder for improper behavior just a few months before he falsely accused Plaintiff of criminal activity, *allegedly*.

20. During the criminal proceedings, Doss never received a copy of Defendant Holder's statement to Victor that initiated the "investigation" into Doss' fraudulent activity.

21. After knowingly, willingly, and maliciously violating Plaintiff's constitutional rights, Defendant Holder wants a pass on his behavior.

*22.* Potentially, Defendant Holder and others violated federal and state criminal statutes, including the following,

   a. Florida Statute 817.49, **False reports of commission of crimes; penalty.** Florida State Statute 777.04, **Attempts, solicitation, and conspiracy.** *and,* Federal law, 18 U.S.C. §241.

23. Whatever motivated Defendant Holder and the others to agree to falsely accused Doss of a crime that never happened, put together a rouse investigation, use their influence to have the HCSAO direct file a perjured CRA, prosecute him, and refuse to give him required discovery information is still unknown.

24. Although Plaintiff's allegations are civil in nature, Defendant Holder is not above scrutiny, especially since former President Donald John Trump, former Federal Prosecutor, Rudy Giuliani, and others currently face charges for violating their public oaths, Gregory Holder is not above the laws.

25. Plaintiff recently received a response from TPD regarding a public records request for information. Inside the information, TPD states they have over 7,000 e-mails concerning "Doss" that may need reviewing, with an associated cost over $10,000. **(See Exhibit E)**

26. According to Victor's police report, Defendant Holder contacted him in February 2017, and Judge McGrady dismissed the case in January 2018, meaning there was an average of over 600 e-mails monthly discussing Doss.

27. During the proceedings, Doss made several discovery requests, and never received one e-mail, let alone an indication there were over 7,000 e-mail exchanges and an unknown number of text message exchanges involving then-criminal-defendant Doss.

28. Additionally, during the January 18, 2018, hearing, the HCSAO lead attorney stated he gave Doss everything. Clearly, those statements are not accurate. **(See Exhibit F, p. 38).**

29. Plaintiff prays Your Honor reconsiders the July 2023 Order staying discovery, or in the alternative, bring the matter for a hearing allowing the sides to argue their positions.

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION

30. Plaintiff recently learned TPD had at least 7,000 e-mails worth of information they withheld during Doss' criminal prosecution. Plaintiff believes Your Honor should reconsider the Order to "Stay" proceedings based upon the newly discovered information and the likelihood the information withheld during Case 9089 would reveal information supporting Plaintiff's complaint. Moreover, the information about the e-mails was not available to Plaintiff when he filed his motion in opposition (Doc. 93). *Flexiteek Americas, Inc. v. Plasteak, Inc*., 641 F. Supp. 2d 1297, 1309 (S.D. Fla. 2009) ("The Eleventh Circuit has held that 'where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion.'").

31. Defendant Holder called Victor and accused Doss of a crime falsely, leading to his arrest and prosecution. Florida Law determined that "At common law, neither judicial officers nor police officers have an absolute and unqualified immunity from liability for false arrest. *Farish v. Smoot*, 58 So.2d 534 (Fla. 1952)").

32. Although Judge McGrady dismissed Case 9089, Defendant Holder knowingly made a false allegation about Doss to Victor; and placed him in a position to spend up to five years in a Florida prison, if convicted. A judge is entitled to absolute immunity for any acts within the judicial office's function and loses immunity only if the claimed actions are entirely outside his jurisdiction as a judge. *Lloyd v. Foster*, 298 F. App'x 836, 840 (11th Cir. 2008).

33. In this instant action, because Defendant Holder called Victor under one or more of the following scenarios,

    a. To investigate an issue related to a case he never presided over, Case 8473 before Judge Barbas, or,

    b. To falsely accuse Doss of a crime when he knew no crime occurred and to have Doss imprisoned for felony perjury, or,

    c. While under a stay order from the Florida 2nd DCA in the case he once presided over, Case 0071.

Thus, he is without the veil of judicial immunity and he and anyone aiding him is equally liable for damages. In the context of malicious prosecution, while "merely giving a statement of facts to the authorities does not qualify as legal causation," "if the defendant's persuasion is the determining factor in inducing the officer's decision or if he gives information which he knew to be false and so unduly influences the authorities, then the defendant may be held liable." Molina v. Jiffy Lube Int'l, Inc., No. 07-22664-CIV, 2008 WL 4541025, at *5 (S.D. Fla. Oct. 8, 2008). Likewise, "[g]enerally, police officers are not the legal cause of an original proceeding where they are not involved in the decision to prosecute." Blackshear v. City of Miami Beach, 799 F. Supp. 2d 1338, 1347 (S.D. Fla. 2011). However, providing false information to the prosecutor satisfies the legal causation requirement of malicious prosecution. *Marshall v. Regions Bank*, No. 11-24302-CIV-ALTONAGA/Simonton, at *9 (S.D. Fla. Feb. 9, 2012)

34. Under *Fla.R.App.P. 9.030,* filing a petition for a writ of certiorari involving a non-final order, as Plaintiff did, invokes the Florida Appellate Court's original jurisdiction and snatches the case from the circuit court. *Liberty Transp. v. Banyan Air Services*, 7 So. 3d 1138, 1140 (Fla. Dist. Ct. App. 2009) ("Further, because an appellate court's jurisdiction is exclusive with

respect to the subject matter of an appeal, once the appeal is taken the trial court will lack the jurisdiction to take any further action in the matter.")

35. When the 2nd DCA issued a stay of all proceedings related to Case 0071, over which Defendant Holder presided, Defendant Holder was without subject matter jurisdiction over that action. *Banco De Los Trabajadores v. Moreno*, 237 So. 3d 1127, 1132 (Fla. Dist. Ct. App. 2018) ("During the pendency of an appeal of a non-final order, **absent a stay**, the trial court continues to exercise jurisdiction over a case except that a trial court may not render a final order disposing of the case while appellate review is pending.")

## CONCLUSION

WHEREFORE, considering the above, Plaintiff requests this Court reconsider it Order granting Defendant Holder's Request for Stay of Discovery, and in the alternative, schedule a Hearing with all concerned parties.

## Local Rule 3.01(g) Certification

Plaintiff certifies that he conferred with Defendants Counsels, and they opposed the filing of this Motion for Reconsideration.

## **CERTIFICATE OF SERVICE**

I CERTIFY that on August 20, 2023, the preceding motion was electronically filed with the Clerk of the Court using the CM/ECF system. Plaintiff will serve a copy of this filing to:

Ivy Rollins at: Ivy.Rollins@myfloridalegal.com for Gregory Holder;

Respectfully Submitted,

s/Surgret Urania Doss
Surgret Urania Doss
3612 North 55th Street
Tampa, Florida 33619
surgretdoss@gmail.com
813-570-9617
