UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SURGRET URANIA DOSS**,
    **Plaintiff**,

                            **CASE NO.: 8:22-CV-129-CEH-AAS**

v.

**GREGORY P. HOLDER,** as an Individual;
**MICHAEL R. VICTOR,** Individually and in his official capacity;
**PAT KENNEDY,** individually and in his official capacity;
**JOHN WALTER MCDARBY,** individually and in his official capacity;
**JOHN DOES I-X,** individually and in their official capacities;
**THE CITY OF TAMPA,** a municipal corporation; and
**SHERIFF CHAD CHRONISTER,** in his official capacity;
    **Defendants.**
_____/

### DEFENDANTS' SHERIFF CHAD CHRONISTER AND JOHN WALTER MCDARBY, RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, Sheriff Chad Chronister, in his official capacity (hereafter "Sheriff"), and John Walter McDarby, sued individually and in his official capacity (hereafter "Deputy McDarby"), and file this *Response in Opposition to Plaintiff's Motion for Reconsideration*, pursuant to the FEDERAL RULES OF CIVIL PROCEDURE and Local Rule 3.01, and in support thereof states:

### LEGAL PROCEEDINGS

On January 14, 2022, Plaintiff filed an initial *Complaint* (Doc. 1). On May 3, 2022, Plaintiff filed a *First Amended Complaint* (Doc. 16). On August 15, 2022, Plaintiff

filed an unopposed *Motion for Leave Amend [sic] Complaint to Dismiss Defendant Hillsborough County and Add John Doe Defendants* (Doc. 24), which was granted on September 20, 2022. (Doc. 45).

On October 17, 2022, Plaintiff filed a *Third Amended Complaint.* (Doc. 62). On October 26, 2022, Plaintiff filed an unopposed *Motion for Leave to Amend Complaint.* (Doc. 64). On October 27, 2022, Plaintiff filed another unopposed *Motion for Leave to Amend Complaint.* (Doc. 65). On November 29, 2022, this Court entered an Order granting Plaintiff's request to file another amended complaint. (Doc. 71). On November 30, 2022, Plaintiff filed an *Amended Complaint with Corrected Scrivener's Errors and Clarified Counts* (Doc. 72) (hereafter *"Fourth Amended Complaint"*), which appears to be the operative complaint in this matter.

On December 27, 2022, the Sheriff and Deputy McDarby filed motions to dismiss the *Fourth Amended Complaint.* (Docs. 79, 80). On December 28, 2022, Defendant City of Tampa and Defendant Pat Kennedy filed motions to dismiss (Docs. 81, 82). On January 3, 2023, Defendant Gregory Holder filed a motion to dismiss. (Doc. 83). On January 24, 2023 and January 25, 2023, Plaintiff filed responses in opposition to the various motions to dismiss. (Docs. 86, 87, 88, 89, 90). Said motions to dismiss remain pending.

On June 2, 2023, Defendant Gregory Holder filed a *Motion to Stay Discovery*. (Doc. 92). Plaintiff's opposition was filed on June 13, 2023. (Doc. 93). On July 6, 2023, this Court entered an Order granting the *Motion to Stay Discovery.* (Doc. 94).

On August 20, 2023, Plaintiff filed a *Motion for Reconsideration*, requesting the Court to reconsider its Order staying discovery in this case. However, Plaintiff's *Motion for Reconsideration* is without merit and should be denied.

## MEMORANDUM OF LAW

"Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss should be resolved before discovery begins. *Chudasama v. Mazda,* 123 F.3d 1353, 1367 (11th Cir. 1997).

"In determining whether a stay is warranted, courts must balance the harm caused by a delay in discovery with the potential that the motion to dismiss will be granted an eliminated the need for discovery altogether." *Wiand v. Wells Fargo,* 2013 WL 12157565, *2 (M.D. Florida 2013), citing to *Koock v. Sugar,* 2009 WL 2579307, *2 (M.D. Florida 2009).

In this case, the grounds raised in Plaintiff's *Motion for Reconsideration* are arguably irrelevant and are legally insufficient to lift the stay of discovery. In addition, the Sheriff and Deputy McDarby's motions to dismiss are due to be granted pursuant to applicable law. As a result, Plaintiff's *Motion for Reconsideration* the Order staying discovery should be denied, as follows.

**I.  Plaintiff's Public Records Request to the City of Tampa**

In this case, Plaintiff's sole basis for his requested relief is that he "recently acquired information from the City of Tampa Police Department relating to [sic] the agency possessed over 7,000 e-mails related to Plaintiff. Plaintiff believes acquisition of those emails would aid in determining who the currently unknown John (or Jane) Does might be and clarify what roles they played in the criminal action against Doss in 2017, *State of Florida v. Surgret Doss, 2019-CF-9089*." (Doc. 95, p.1; See also Doc. 95-1, p. 30-31). This assertion is apparently based on a August 1, 2023, response to a public records request by the City of Tampa which indicates that "[d]uring a cursory search there are over 7,000 emails that will need to be reviewed for confidential or exempt information prior to release." (Doc. 95-1, p. 30).

The remainder of Plaintiff's *Motion for Reconsideration* is predicated on his mistaken belief and/or assumption that there are 7,000 emails that are relevant to his claims in this case, or more specifically to the criminal action in 19-CF-9089. For example, Plaintiff concludes, without support, that this means "there was an average of over 600 e-mails monthly discussing Doss." Plaintiff also argues that these emails were "withheld" during his criminal prosecution.

However, no part of this Court's Order staying discovery has any impact on Plaintiff's public records request to the City of Tampa. The City of Tampa appears to have responded to Plaintiff's public records request as they would any other

public records request. Nothing has stopped Plaintiff from completing his public records request and receiving the responsive documents and/or materials. In the alternative, if the City of Tampa is not complying with Florida law regarding Plaintiff's public records request, nothing is stopping Plaintiff from taking appropriate action under Florida law to complete his public records request.

Accordingly, Plaintiff's motives, assumptions, and misplaced conclusions, as described in the *Motion for Reconsideration,* provide no reason or basis for this Court to overturn the previous Order staying discovery.

## II. The Likelihood of Success of the Sheriff's Motion to Dismiss

In addition, the claims brought against the Sheriff are due to be dismissed pursuant to applicable law as discussed in the Sheriff's *Motion to Dismiss* (Doc. 80).

Plaintiff's claims against the Sheriff include Count Ten, titled "42 U.S.C. § 1983 - 4th, 5th, and 14th Amendment Violations for Failure to Adequately Train and Failure to Intervene." Count Sixteen is titled "State Law Claim for Negligent Supervision Against Defendant Chronister as Sheriff of Hillsborough County." (Doc. 71, ¶ 333).

However, as argued in the Sheriff's *Motion to Dismiss* (Doc. 80), Plaintiff's claims in the *Fourth Amended Complaint* against the Sheriff should be dismissed, as follows.

### (A) Count Ten Failed to State a Cause of Action

Plaintiff failed to sufficiently allege a civil rights claim against the Sheriff in

Count Ten since Plaintiff failed to allege that the course of action was consciously chosen, officially sanctioned, or ordered. Plaintiff likewise failed to prove that a policy, practice, or procedure caused a civil rights violation which amounted to deliberate indifference of his rights. Furthermore, the Sheriff could not have had "fair warning" that Deputy McDarby's alleged conduct of conducting one interview at Detective Victor's request and preparing a report based on that interview, could constitute a pattern of unconstitutional conduct.

**(B)     Count Sixteen Failed to State a Cause of Action**

Plaintiff fails to sufficiently allege a claim in Count Sixteen since it is clear that the Sheriff is not liable for Plaintiff's claims pursuant to the protections of sovereign immunity found in Florida Statute § 768.28(1), and the Sheriff's corresponding lack of duty of care owed to Plaintiff. Furthermore, the acts Plaintiff challenges were "discretionary" and not "operational" and the Florida Supreme Court has held that governmental liability does not exist when the challenged act is "discretionary."

**(C)     Plaintiff's Claims Violate the Applicable Statute of Limitations**

The statute of limitations applicable Plaintiff's claims against the Sheriff is four years. In this case, Plaintiff's claims accrued on January 28, 2017, and the statute of limitations therefore expired on January 28, 2021.

However, Plaintiff did not file his initial *Complaint* (Doc. 1) in this matter until January 14, 2022. Accordingly, Plaintiff's claims against the Sheriff in Counts Ten

and Sixteen are untimely and violate the statute of limitations.

**(D)  The *Fourth Amended Complaint* is an Impermissible Shotgun Pleading**

Plaintiff's *Fourth Amended Complaint* is due to be dismissed because it violates FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2), in that it is a shotgun pleading.

As a result, Plaintiff's *Motion for Reconsideration* should be denied because the Sheriff's *Motion to Dismiss* (Doc. 80), is likely to be granted, which will eliminate the need for discovery in this case.

**II.   The Likelihood of Success of Deputy McDarby's Motion to Dismiss**

The claims brought against Deputy McDarby in the *Fourth Amended Complaint* are due to be dismissed pursuant to applicable law as discussed in Deputy McDarby's *Motion to Dismiss* (Doc. 79), as follows.

**(A)   Count One Failed to State a Cause of Action**

Plaintiff failed to allege a civil rights conspiracy claim against Deputy McDarby in Count One because Plaintiff failed to adequately allege that a conspiracy existed that resulted in the denial of an underlying constitutional right. The only acts Plaintiff alleges by Deputy McDarby are that he was contacted by Detective Victor to interview a witness in unincorporated Hillsborough County, that Deputy McDarby conducted the interview, and that Deputy McDarby then wrote a report about that interview.  (Doc. 72, ¶¶ 5, 87, 365).

Plaintiff does not dispute any aspect of Deputy McDarby's interview or claim

that the resulting report was false, fraudulent, or even exaggerated. Plaintiff does not specify who Deputy McDarby interviewed or what role that person had in the alleged conspiracy. Plaintiff does not specify what role the person Deputy McDarby interviewed had in the perjury charge brought against him. Plaintiff does not attach Deputy McDarby's report in his hundreds of pages of exhibits. Plaintiff does not allege that Deputy McDarby's report was any factor in his arrest. Plaintiff does not allege that Deputy McDarby's report was reviewed by the State Attorney. Plaintiff does not allege that Deputy McDarby's report was any factor in the State Attorney's decision to charge Plaintiff with perjury. Plaintiff does not claim that Deputy McDarby actually initiated any criminal proceedings against him. Plaintiff does not assert that Deputy McDarby arrested him. Plaintiff concedes that the criminal proceedings were initiated by the State Attorney, not Deputy McDarby. Finally, other than the one interview and report, Plaintiff does not attribute any specific conspiratorial acts to Deputy McDarby.

Accordingly, Plaintiff failed to adequately plead a conspiracy to commit a civil rights violation against Deputy McDarby in Count One and it should be dismissed.

**(B)  Count Five failed to State a Cause of Action**

Plaintiff failed to state a cause of action in Count Five for a 14th Amendment violation for conspiracy to commit false arrest. Plaintiff failed to allege sufficient facts against Deputy McDarby regarding the existence of a conspiracy to commit

false arrest and Plaintiff makes no allegations that Deputy McDarby personally arrested or ever even had contact with Plaintiff. Plaintiff makes no allegation that Deputy McDarby knew or should have known that his interview of one witness would lead to Plaintiff's arrest. Plaintiff makes no allegation that Deputy McDarby knew that the State Attorney would file an Information leading to the issuance of a Direct Capias. Plaintiff makes no allegation that Deputy McDarby had any knowledge of the Tampa Police Department investigation of Plaintiff.

As a result, Plaintiff has failed to adequately plead a claim in Count Five against Deputy McDarby and Count Five should be dismissed.

**(C)     Count Thirteen failed to State a Cause of Action**

Plaintiff failed to state a Fourth Amendment claim for malicious prosecution in Count Thirteen because Plaintiff failed to adequately allege the elements for a federal malicious prosecution claim under 42 U.S.C. § 1983 as well as the elements for the state tort of malicious prosecution. This includes, but is not limited to, Plaintiff's failure to allege or establish that there was not probable cause for his arrest for perjury.[1]

Probable cause for Plaintiff's arrest existed because the CRA in Criminal Case 17-CF-9089, alleged that Plaintiff "willfully and knowingly filed a sworn document…

---

[1] Plaintiff concedes that the State Attorney independently found that probable cause existed. However, Plaintiff erroneously relies on the eventual dismissal of the criminal charge for his claim that there was no probable cause.

using false/fraudulent information to attest to the fact he was indigent and did not own real property." (Doc 72-1, Exhibit 15, p. 195). The State Attorney's Information in Case Number 17-CF-9089 (Doc 72-1, Exhibit 15, p. 189-192), charged Plaintiff with perjury for claiming he did not own any real property in a document dated January 31, 2017. That document is attached to Plaintiff's *Fourth Amended Complaint* as part of Exhibit 17. (Doc 72-1, Exhibit 17, p. 204-205). Plaintiff's own Exhibits include a Quitclaim Deed showing that Plaintiff owned real property at 517 Tuscanny Street, Brandon, Florida, beginning on February 29, 2016. (Doc 72-1, Exhibit 2, p. 18-21). In addition, Plaintiff affirmed that he owned real property in Hillsborough County in a Court filing dated April 19, 2017.[2]

As a result, Plaintiff failed to adequately allege the required elements for a civil rights action for malicious prosecution and Count Thirteen should be dismissed by this Court.

**(D)  Count Nineteen failed to State a Cause of Action**

Plaintiff failed to state a cause of action in Count Nineteen against Deputy McDarby for malicious prosecution since Plaintiff only claims that "Defendant Gregory P. Holder maliciously caused the institution of criminal proceedings against

---

[2] This Court is entitled to take judicial notice of filings in other Courts pursuant to FED. R. EVID. 201(b) or (c). *See E.g., Silva-Martinez v. Florida D.O.C.,* 808 Fed.Appx. 846 (11th Cir. 2020); *Grayson v. Warden, Ala. Dep't of Corr.*, 869 F.3d 1204 (11th Cir. 2017). This includes Plaintiff's *Motion to Intervene* filed in Hillsborough Circuit Court Case 15-CA-8473, wherein Plaintiff claimed that he was "the lawful owner of the property located in Hillsborough County, Florida at 517 Tuscanny Street, Brandon, Florida 33511."

Plaintiff" and that "Holder maliciously instituted a criminal proceeding when he recruited Victor, and the two of them agreed to arrest and prosecute Plaintiff without an iota of probable cause."  (Doc. 72, ¶¶ 352, 361).

Furthermore, as discussed above, Plaintiff failed to adequately articulate the elements of a State claim for malicious prosecution against Deputy McDarby.

Accordingly, Plaintiff has not adequately alleged the required elements for a State action for malicious prosecution against Deputy McDarby and Count Nineteen should be dismissed.

**(E)  Count Twenty Failed to State a Cause of Action**

Count Twenty is a state claim for the intentional infliction of emotional distress alleging that Deputy McDarby "knowingly and willingly utilized [his] authority with reckless disregard for the probability that [his] conduct would cause severe emotional distress to Plaintiff." (Doc. 72, ¶ 373).

However, Plaintiff does not adequately allege that Deputy McDarby's actions satisfy any of the required elements for this claim.  Instead, Plaintiff only alleges that, at the request of Detective Victor, Deputy McDarby interviewed a witness and wrote a report about that interview.  (Doc. 72, ¶ 365).

Florida Statute § 768.28(9)(a), states that no employee of the state shall be held personally liable in tort or named as a party defendant in any action in the scope of

their employment unless such employee acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property.

Accordingly, Plaintiff has failed to adequately plead a claim against Deputy McDarby in Count Twenty and this Count should be dismissed.

**(F)  Plaintiff Failed to Overcome Deputy McDarby's Qualified Immunity**

Deputy McDarby is entitled to dismissal of all civil rights claims in Counts One, Five, and Thirteen of the *Fourth Amended Complaint,* pursuant to his qualified immunity because Plaintiff failed to sufficiently allege a claim of a constitutional violation of clearly established law. Plaintiff cannot satisfy the second prong of the qualified immunity analysis and show that the law was clearly established to provide Deputy McDarby with fair notice that his actions were prohibited as violations of Plaintiff's civil rights.

Accordingly, Counts One, Five, and Thirteen should be dismissed due to Deputy McDarby's qualified immunity.

**(G)  Counts Nineteen and Twenty Failed to State a Cause of Action - Individually**

The caption of the *Fourth Amended Complaint* and Paragraph 24 states that Deputy McDarby is sued individually and in his official capacity.  (Doc. 72, ¶ 24). Accordingly, Counts Nineteen and Twenty are state law claims brought against

Deputy McDarby, in his individual capacity, for malicious prosecution and the intentional infliction of emotional distress.

However, as discussed above, Plaintiff failed to state a cause of action for either claim. In addition, Plaintiff's claims against Deputy McDarby in his individual capacity are not been brought in compliance with Florida's limited waiver of sovereign immunity under Florida Statute § 768.28(9)(a), and therefore must be dismissed.

As a result, Counts Nineteen and Twenty should be dismissed for failing to state a cause of action against Deputy McDarby in his individual capacity.

**(H)     Plaintiff Failed to State a Cause of Action - Official**

The caption of the *Fourth Amended Complaint* and Paragraph 24 states that Deputy McDarby is sued individually and in his official capacity. (72, ¶ 24).

"Official-capacity suits... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n. 55 (1978)... It is not a suit against the official personally, for the real party in interest is the entity. Thus... a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." *Kentucky v. Graham,* 473 U.S. 159 (1985).

When, as in this case, a suit is filed against both a governmental entity and the entity's employee in their official capacities, it is appropriate for the Court to dismiss

the named individual defendants in their official capacities as "redundant and possibly confusing to the jury." *Busby v. City of Orlando,* 931 F.2d 764, 776 (11th Cir. 1991); *Bailey v. Town of Lady Lake,* 2006 WL 2048250 (M.D. Florida 2006).

Accordingly, Plaintiff's claims against Deputy McDarby, in his official capacity, must be dismissed.

**(I)     Plaintiff's Claims Violate the Statute of Limitations**

In Florida, the statute of limitations applicable to Plaintiff's claims in this case is four years.

Plaintiff claims that Deputy McDarby's one interview occurred before Plaintiff turned himself in on June 28, 2017. (Doc. 72, ¶ 108). Accordingly, to timely file a claim based on actions of Deputy McDarby that occurred prior to that date, Plaintiff had to file this action by, at the latest, June 28, 2021. However, Plaintiff's initial *Complaint* (Doc. 1), was not filed until January 14, 2022.

As a result, Plaintiff's claims against Deputy McDarby accrued, at the latest, on January 28, 2017, and the statute of limitations for such claims expired on January 28, 2021. Accordingly, Plaintiff's claims against Deputy McDarby are untimely and violate the statute of limitations and therefore must be dismissed.

**(J)     The *Fourth Amended Complaint* is an Impermissible Shotgun Pleading**

In this case, the *Fourth Amended Complaint* should be dismissed because it violates FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2), in that it is a shotgun pleading.

As a result, Plaintiff's *Motion for Reconsideration* (Doc. 95) should be denied because Deputy McDarby's *Motion to Dismiss* (Doc. 79), should be granted, which will eliminate the need for discovery in this case.

### **CONCLUSION**

In conclusion, Plaintiff's *Motion for Reconsideration* should be denied because (I) Plaintiff's public records request is not affected by this Court's Order staying discovery; (II) the Sheriff's *Motion to Dismiss* (Doc. 80), has a high likelihood for success, which will eliminate the need for discovery; and (III) Deputy McDarby's *Motion to Dismiss* (Do. 79), has a high likelihood for success, which will eliminate the need for discovery. In addition, Plaintiff has not discussed, demonstrated, or established any harm that will be caused by the current stay of discovery.

WHEREFORE, Sheriff Chad Chronister, in his official capacity, and John Walter McDarby, individually and in his official capacity, hereby request that this Honorable Court deny Plaintiff's *Motion for Reconsideration* (Doc. 95), together with such further orders as justice requires.

Respectfully Submitted this 28th day of August, 2023.

> *Christopher E. Brown - Trial Counsel*
> CHRISTOPHER E. BROWN, ESQ.
> Florida Bar No. 0986010
> Attorney for Sheriff Chad Chronister, in his official capacity, and John Walter McDarby, individually and in his official capacity
> 2008 East 8th Avenue

Post Office Box 3371
Tampa, Florida  33601
(813) 247-8092; Fax: (813) 242-1817
Email: chrisbro@hcso.tampa.fl.us

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 28, 2023, I electronically submitted the foregoing with the Clerk of Court using the CM/ECF system, who will send electronic notice to all parties.

*Christopher E. Brown - Trial Counsel*
CHRISTOPHER E. BROWN, ESQ.