UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SURGRET URANIA DOSS,

    Plaintiff,

v.

Case No: 8:22-cv-129-CEH-AAS

GREGORY P. HOLDER, MICHAEL R. VICTOR, PAT KENNEDY, JOHN WALTER MCDARBY, CITY OF TAMPA and CHAD CHRONISTER,

    Defendants.

## **ORDER**

This cause comes before the Court on Plaintiff Surgret Urania Doss's "Opposed Emergency Motion for Reconsideration." Doc. 103.[1] Defendants Sheriff Chad Chronister and John Walter McDarby respond in opposition. Doc. 105.

Plaintiff first asks the Court to reconsider its September 29, 2023, Order (Doc. 97) dismissing his Fourth Amended Complaint, specifically as to the portion granting Defendant Gregory P. Holder's Motion to Dismiss with prejudice.[2] Doc. 103 at 1. He argues that such relief is appropriate because "[t]he State withheld over 7,000 emails" from him in the course of an earlier state criminal proceeding, which he calls "an overt

---

[1] Plaintiff filed a separate "Declaration" the same day as this Motion attesting to certain facts related to this case. Doc. 104. However, it is not clear whether he intended the filing and this Motion to be considered together, and neither references the other.

[2] The factual background of this case is described in that Order. Doc. 97. As Plaintiff makes only conclusory arguments for reconsideration, the Court need not detail the factual background here.

Brady violation." *Id.* Just a page later, Plaintiff appears to expand the scope of his motion, asserting that "this Court would be within its discretion to reconsider its previous rulings" based on "the State and Tampa" withholding these emails. *Id.* at 2. Finally, Plaintiff concludes his motion by asking that the Court "reconsider its November 17, 2023, Order (Doc. 100) declaring his previously filed Motion for Reconsideration Moot," reconsider "its previous Orders," and "issu[e] an order compelling the City to provide the previously unknown 7000 emails to Plaintiff without charge." *Id.* at 3.

Defendants respond that Plaintiff's motion is not a true "emergency," that he failed to comply with Middle District Local Rule 3.01(g), and that he has failed to satisfy the standard for reconsideration of any order. Doc. 105. They also argue, at length, that Plaintiff's claims against the Sheriff and Deputy McDarby were appropriately dismissed pursuant to applicable law. *Id.* at 4–18.

Upon full review and consideration, the Court finds that the motion is due to be denied.

## LEGAL STANDARD

District courts are afforded considerable discretion to reconsider prior decisions. *See Harper v. Lawrence Cnty.,* 592 F.3d 1227, 1231–32 (11th Cir. 2010) (discussing reconsideration of interlocutory orders); *Lamar Advert. of Mobile, Inc. v. City of Lakeland,* 189 F.R.D. 480, 488–89, 492 (M.D. Fla. 1999) (discussing reconsideration generally and under Federal Rule of Civil Procedure 54(b)); *Sussman v. Salem, Saxon & Nielsen,*

2

*P.A.,* 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rule 59(e) and Rule 60(b)).

Courts in this District generally recognize "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.,* 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted); *Scelta v. Delicatessen Support Servs., Inc.,* 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000) ("Reconsideration of a previous order is an extraordinary measure and should be applied sparingly.").

## **DISCUSSION**

Plaintiff does not specify the legal basis for his request for reconsideration—making no mention of Federal Rules of Civil Procedure 54, 59, 60, or any other Rule or legal basis. *See* Doc. 103. And as described below, Plaintiff's conclusory motion does not demonstrate the existence of an intervening change in the law, new evidence, clear error, or manifest injustice.

As a preliminary matter, neither Fed. R. Civ. P. 59 nor Rule 60 are applicable to non-final orders like the ones at issue here.

However, Rule 54(b), Fed. R. Civ. P. provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment . . ."

And the decision to grant a motion for reconsideration of a non-final order is committed to the sound discretion of the Court. *See Horowitch v. Diamond Aircraft Indus., Inc.,* No. 606-CV-1703-PCF-KRS, 2009 WL 1537896, at *2 (M.D. Fla. June 2, 2009). This is the same standard applied to reconsideration of final orders pursuant to Rules 59(e) or 60(b), but the time limits under those Rules are not applicable to the reconsideration of a non-final order.[3] *See id.* In support of its request for reconsideration, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (citation omitted); *see also Winn-Dixie Stores, Inc. v. Se. Milk, Inc.,* No. 3:15-CV-1143-BJD-JBT, 2019 WL 8273604, at *1 (M.D. Fla. Dec. 19, 2019).

Although Rule 54(b) does not set forth the specific factors a court may consider when deciding a motion for reconsideration, the Eleventh Circuit has suggested that Rule 54(b) mirrors those factors considered under Rule 60(b). *See Herman v. Hartford Life & Acc. Ins. Co.,* 508 F. App'x 923, 927 n.1 (11th Cir. 2013) ("Although Rule 54(b) does not delineate the parameters of a district court's discretion to reconsider interlocutory orders, we have at least indicated that Rule 54(b) takes after Rule 60(b)."); *Maldonado v. Snead,* 168 F. App'x 373, 386–87 (11th Cir. 2006) ("Although

---

[3] In *Denson v. United States,* the Eleventh Circuit Court of Appeals concluded that Rule 60(b) did not apply to a district court's order granting partial summary judgment to the defendants. 574 F.3d 1318, 1331–32, 1334, 1335 n.52 (11th Cir. 2009) The Court explained that the order was not "final" because it did not resolve "all claims of all parties," and was "merely tentative." *Id.* at 1335 n.52 (internal quotation marks and citation omitted). The Court stated that the district court "should have denied Denson's Rule 60(b) motion for the obvious reason that the November 5 [partial summary judgment] order was not final." *Id.*

4

the district court reviewed Maldonado's motion under Rule 54(b) as a motion for reconsideration of a non-final order rather than under Rule 60(b) as a motion for relief from judgment, we see no reason to apply a different standard when the party seeks reconsideration of a non-final order than when the party seeks reconsideration of a final judgment.") (internal quotation marks and citation omitted); *Onita-Olojo v. Veolette Sellers,* No. 12-CIV-62064, 2016 WL 11600719, at *1 (S.D. Fla. June 27, 2016) ("Motions for reconsideration, whether considered under Rule 54(b), Rule 59(b), or Rule 60(b) (like this one), are generally all evaluated under the same standard.").

With that standard in mind, the Court may reconsider its non-final orders dismissing Plaintiff's Fourth Amended Complaint (Doc. 97) and denying as moot his motion for reconsideration of the Court's Order staying discovery (Doc. 100) under Rule 54(b).

Plaintiff hangs his hat on allegedly "previously unknown" evidence *possibly* related to his state court criminal case, which Defendants allegedly refuse to provide free of charge. *See* Doc. 103.[4]

---

[4] As to Rule 60(b)(2) specifically, all of the following are required to justify relief based on newly discovered evidence: (1) the evidence must be newly discovered since the [order]; (2) the movant must have exercised due diligence in discovering the new evidence; (3) the evidence cannot be merely cumulative or impeaching; (4) the evidence must be material; and (5) the new evidence must be such that it would produce a different outcome in the underlying action. *Williams v. N. Fla. Reg'l Med. Ctr., Inc.*, 164 F. App'x 896, 898 (11th Cir. 2006) (citing *Waddell v. Hendry Cnty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003)). "A Rule 60(b)(2) motion is an extraordinary motion and the requirements of the rule must be strictly met." *Motes v. Couch*, 766 F. App'x 867, 869 (11th Cir. 2019).

The Court will begin with Defendants' argument that Plaintiff fails to explain why his Motion is an "emergency." Doc. 105 at 15–16. Although Defendants are correct, the Court will not deny the motion on this basis.

Plaintiff should, however, be mindful that the Court takes the designation of motions as "emergency" seriously. The Local Rules caution, "The unwarranted designation of a motion as an emergency motion may result in the imposition of sanctions." Local R. M.D. Fla. 3.01(e). Examples of an "emergency" include "a person's life is in danger, a family is about to be thrown out of its home, or a ruinous calamity is about to descend upon the community at large." *Onward Healthcare, Inc. v. Runnels,* No. 6:12–cv–508–RBD–KRS, 2012 WL 1259074, at *2 n.3 (M.D. Fla. Apr. 13, 2012). Here, Plaintiff fails to explain why his motion would warrant emergency consideration.

Plaintiff's motion fails on the merits too. First, he is unclear as to what precisely he would like the Court to reconsider. He interchangeably cites three different rulings: (1) the Court's dismissal of the claims against Defendant Holder (Doc. 105 at 1); (2) the Court's "previous rulings" generally (*Id.* at 2); and (3) the Court's "November 17, 2023, Order (Doc. 100) declaring [Plaintiff's] previously filed Motion for Reconsideration Moot."

Moreover, Plaintiff fails to meet the standard for reconsideration as to any of the above orders or discuss how the "previously unknown" emails justify reconsideration under the applicable standard. Instead, Plaintiff merely states that he

6

"believes the unprovided emails and text messages might support his Monell claims." Doc. 103 at 2. This is not a sufficient ground for reconsideration.

In seeking reconsideration of the Court's November 17, 2023 Order (Doc. 100), Plaintiff also seems to misunderstand it. In denying a previous motion for reconsideration (Doc. 95) as moot, the Court noted that:

> Plaintiff moves for reconsideration of [Doc.] 94, the Court's July 6, 2023, Order staying discovery pending a ruling on several motions to dismiss. Subsequently, at Doc. 97, the Court's September 28, 2023, Order granted the various Defendants' Motions to Dismiss and also lifted the stay of discovery. Doc. 97 at 40. Therefore, Plaintiff's request for reconsideration is now moot.

Doc. 100.

As indicated in the Court's Order on Defendants' previous round of motions to dismiss (Doc. 97 at 40) and the aforementioned November 17 order (Doc. 100), the stay of discovery has already been lifted. Plaintiff's allegations regarding emails he was allegedly not provided pursuant to a public records request does not change that fact.

Put simply, Plaintiff asked the Court to reconsider its order staying discovery in this case. Doc. 95 at 11. After the stay was lifted, the Court denied his motion as moot. Docs. 97, 100. Thus, discovery is not currently stayed, and Plaintiff's motion for reconsideration of that previous stay (which is no longer in effect) is moot. Plaintiff's request for reconsideration of that Order is **DENIED**.[5]

---

[5] Defendants Sheriff Chronister and McDarby also appear to misunderstand the Court's prior order, stating that "the grounds raised in Plaintiff's *Emergency Motion for Reconsideration* are arguably irrelevant and are legally insufficient to lift the stay of discovery." Doc. 105 at 4. To the contrary, Plaintiff's arguments are insufficient and moot because the stay has been lifted. Doc. 97 at 40, Doc. 100.

7

As to the portion of the Court's Order dismissing the claims against Judge Gregory Holder with prejudice, Plaintiff provides no support for his argument that the Court should reconsider its decision. Although he states (and Defendants do not contest) that a public records request filed by Plaintiff turned up a number of emails possibly relevant to his state criminal case, Plaintiff does not explain how this evidence would justify reconsideration of the Court's dismissal of his claims against former Judge Holder in this case.[6]

As Plaintiff fails to show that reconsideration is necessary "to correct manifest errors of law, to present newly discovered, evidence, or to prevent manifest injustice" the Court must deny his motion. *See Horowitch*, 2009 WL 1537896 at *2.

Plaintiff similarly provides no legal basis for the Court to "issu[e] an order compelling the City to provide the previously unknown 7000 emails . . . without charge," nor does he support his request for the Court to generally reconsider "its previous rulings" and "previous Orders." Doc. 103 at 2–3. Instead, his conclusory motion merely asks for reconsideration of several orders without citation to relevant authority or evidence; therefore, his motion must be **DENIED**.[7]

---

[6] The Court dismissed the claims against former Judge Gregory Holder with prejudice, finding that his actions were within the scope of his jurisdiction as a judge, that he is therefore immune from Plaintiff's claims, and that amendment would be futile. *See* Doc. 97 at 8–11.

[7] Defendants indicate that Plaintiff failed to confer with them prior to filing this motion, although he included a "Local Rule 3.01(g) Certification." Doc. 105 at 16–17. Plaintiff is cautioned that, going forward, he must comply with Local Rule 3.01(g) and all other Local Rules of the Middle District of Florida.

Accordingly, it is **ORDERED**:

1. Plaintiff's Opposed Emergency Motion for Reconsideration with Memorandum of Law (Doc. 103) is **DENIED.**

**DONE** and **ORDERED** in Tampa, Florida on August 27, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties